UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Isaac Weiss,<br><br>    Plaintiff,<br><br>-against-<br><br>Experian Information Solutions, Inc.,<br><br>    Defendant(s). | Case No.: 1:26-cv-849<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Isaac Weiss, by and through his attorneys, and as for his Complaint against Defendant Experian Information Solutions, Inc. ("Experian"), respectfully sets forth, complains, and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred here, the Plaintiff resides here, and Defendant transacts business here.

3. Plaintiff brings this action for damages arising from the Defendant's violations of 15 U.S.C. § 1681 *et seq*., also known as the Fair Credit Reporting Act ("FCRA").

## PARTIES

4. Plaintiff is a resident of the State of New York, County of Kings.

5. At all times material hereto, Plaintiff was a "consumer" as defined under 15 U.S.C. § 1681a (c).

6. Defendant Experian is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

7. Experian is an Ohio corporation registered to do business in this State.

8. Experian may be served with process upon the C T Corporation System, 28 Liberty Street, New York, NY 10005.

9. Experian is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

10. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

## FACTUAL ALLEGATIONS

11. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

12. On or around June 2025, the Plaintiff viewed his credit report as he was in the process of attempting to build up credit for the first time.

13. What Plaintiff saw filled him with extreme confusion and distress.

14. All the accounts showing on Plaintiff's Experian credit report do NOT belong to Plaintiff.

15. One of the accounts appearing on Plaintiff's credit report was a Citi Cards/Citi Bank account with account number starting in 546 ("Citi Account") with a balance of $3,712.

16. The Citi Account does not belong to the Plaintiff.

17. Further, one of the accounts appearing on his credit report was an JPMCB account number beginning in 438 ("JPMCB Account #1").

18. There was another account from JPMCB beginning in 521 ("JPMCB Account #2).

19. These JPMCB Accounts do NOT belong to Plaintiff.

20. There is a Nationstar Mortgage account beginning in 694 ("Nationstar Account") with a balance of $320,457.

21. The Nationstar Account does NOT belong to Plaintiff.

22. None of the accounts listed on Plaintiff's Experian credit report, dated June 26, 2025, belong to Plaintiff.

23. These accounts are all incorrectly appearing on his credit report.

24. Altogether the credit lines incorrectly attributed to Plaintiff amounts to as much as $324,169.

25. Upon further inspection of his credit report, Plaintiff realized there was much information on the credit report that did not belong to him.

26. It appears that Plaintiff's credit file with Experian has been mixed with another individual.

27. The name listed on Plaintiff's credit report is "Isaac Weissman," which is incorrect since the Plaintiff's name is "Isaac Weiss."

28. Further, the credit report lists the birth year of Plaintiff as "1999," which is incorrect; since the Plaintiff's birth year is 2006.

29. Further, the history of addresses on the credit report lists at least three addresses that do NOT belong to Plaintiff.

30. The information described above and published by Defendant is inaccurate.

31. Defendant has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

32. On information and belief, on date(s) better known to Defendant, it issued credit reports concerning the Plaintiff that included the respective information described above.

33. Defendant has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

34. Defendant violated 15 U.S.C. § 1681e (b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit report.

35. Had Defendant maintained reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit report, the above-referenced information would not have appeared on Plaintiff's credit report.

36. Upon information and belief, Defendant shared Plaintiff's personal credit information with others.

37. Upon information and belief, Defendant furnished Plaintiff's credit report to persons or businesses that did not have permissible purpose to receive Plaintiff's credit information.

38. Experian violated 15 U.S.C. § 1681b(a) by providing Plaintiff's credit report to third parties without a permissible purpose.

39. Experian violated 15 U.S.C. § 1681e(a) by providing Plaintiff's credit report to person(s) without having reasonable grounds for believing that the consumer report will be used for a permissible purpose.

40. Upon information and belief, having a mixed or merged consumer credit file is an unfortunately common occurrence for Experian.

41. Yet, Experian had not taken adequate steps to remedy the problems.

42. As a result of Experian's failure to comply with the FCRA, Plaintiff has been damaged.

### *Damages*

43. Plaintiff spent a significant amount of time dealing with the incorrect information on his credit report.

44. During this time, and because of this, Plaintiff suffered emotional harm because of Experian's improper acts.

45. Plaintiff suffered from anxiety, distress, and extreme confusion due to his Experian credit report showing numerous accounts that are not his, and by reporting inaccurate personal information.

46. Plaintiff suffered damage to his reputation as it falsely appears as if he had much larger debts than actually does.

47. Plaintiff suffered damage to his reputation as it falsely appears as if he had much larger lines of credit than he really had.

48. This false information was published to numerous third-parties.

49. This negative information reflected poorly upon Plaintiff and is incompatible with the proper exercise of Plaintiff's lawful business, trade, or profession.

50. Plaintiff has, inter alia, suffered loss of ability to purchase and benefit from credit, emotional pain and suffering, embarrassment, invasion of privacy, frustration, being overwhelmed, angry, humiliated, stressed scared, frustrated, rejected, worried, fearful about the misuse of his identity and that his reputation was being further damaged, and a chilling effect on future applications for credit.

51. Plaintiff had to spend significant amount of time dealing with these issues.

52. Upon information and belief, when Plaintiff requested his credit report, the credit report was sent to another Isaac Weiss and or Isaac Weissman.

53. This is, inter alia, because the other Isaac Weiss's address is listed in Plaintiff's credit report.

54. Plaintiff has been emotionally damaged since he has been unable to build up his own credit profile.

55. Upon information and belief, Plaintiff's credit utilization ratio is also incorrect due to the misinformation.

56. Upon information and belief, Plaintiff's total credit is incorrect due to the misinformation.

57. The number of open accounts attributed to Plaintiff is incorrect.

## FIRSTCAUSE OF ACTION
### (Willful Violation of the FCRA as to Experian)

58. Plaintiff incorporates the allegations in paragraphs 1-57 above as if set forth here.

59. This is an action for willful violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

60. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that each Bureau maintained concerning the Plaintiff.

61. Defendant violated 15 U.S.C. § 1681b(a) by providing Plaintiff's credit report to third parties without a permissible purpose.

62. Defendant violated 15 U.S.C. § 1681e(a) by providing Plaintiff's credit report to person(s) without having reasonable grounds for believing that the consumer report will be used for a permissible purpose.

63. Defendant has willfully and recklessly failed to comply with the Act.

64. The failure of Defendant to comply with the Act include but are not necessarily limited to the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported, and the failure to take adequate steps to verify information each Bureau had reason to believe was inaccurate before including it in the credit report of the consumer.

65. As described above and as a result of the conduct, action and inaction of Defendant, the Plaintiff suffered, inter alia, damage by decreased credit score due to the inaccurate information on Plaintiff's credit file, loss of ability to purchase and benefit from credit, emotional pain and suffering, embarrassment, invasion of privacy, frustration, being overwhelmed, angry, depressed, humiliated, fearful about the misuse of his identity and that his reputation was being further damaged, and a chilling effect on future applications for credit.

66. The conduct, action and inaction of Defendant was willful rendering Defendant liable for actual, statutory and punitive damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

67. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff Isaac Weiss, an individual, demands judgment in his favor against Defendant for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION
**(Negligent Violation of the FCRA as to Experian)**

68. Plaintiff incorporates the allegations in paragraphs 1-57 above as if set forth here.

69. This is an action for negligent violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

70. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Defendant maintained concerning the Plaintiff.

71. Defendant violated 15 U.S.C. § 1681b by furnishing Plaintiff's credit report to persons or businesses that did not have permissible purpose.

72. Defendant has negligently failed to comply with the Act.

73. The failure of Defendant to comply with the Act include but are not necessarily limited to the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported, and the failure to take adequate steps to verify information Defendant had reason to believe was inaccurate before including it in the credit report of the consumer.

74. As described above and as a result of the conduct, action and inaction of Defendant, the Plaintiff suffered, inter alia, damage by a decreased credit score due to the inaccurate information on Plaintiff's credit file, loss of ability to purchase and benefit from credit, emotional pain and suffering, embarrassment, invasion of privacy, frustration, being overwhelmed, angry, depressed, humiliated, fearful about the misuse of his identity and that his reputation was being further damaged, and a chilling effect on future applications for credit.

75. The conduct, action, and inaction of Defendant was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

76. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff Isaac Weiss, an individual, demands judgment in his favor against Defendant for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## **DEMAND FOR TRIAL BY JURY**

77. Plaintiff demands a trial by jury for all claims and issues in this complaint to which Plaintiff is or may be entitled to a jury trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment from Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o (a) be awarded for each negligent violation as alleged herein;

b) For statutory damages provided and pursuant to 15 U.S.C. § 1681n (a);

c)

d) For punitive damages provided and pursuant to 15 U.S.C. § 1681n (a)(2);

e) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n (a)(3), and 15 U.S.C. § 1681o (a)(2); and

f) For any such other and further relief as this Court may deem just and proper.

Dated:  February 13, 2026

**Stein Saks PLLC**

/s/Rami Salim
By: Rami Salim, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
(201) 282-6500 ext. 121
rsalim@steinsakslegal.com

*Attorneys for Plaintiff*